```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

BRENDA BOWMAN                              CIVIL ACTION

VERSUS                                     NO. 10-592

AMERICAN SECURITY INSURANCE               SECTION "B" (4)
COMPANY

ORDER AND REASONS

Before the Court is Defendants' Opposed Motion to Dismiss (Rec. Doc. No. 8). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Opposed Motion to Dismiss, Rec. Doc. No. 8, is hereby **DENIED.**

The instant case was severed from *Adams v. American Security Insurance Co.*, Civ. Act. No. 09-2609 "K", a consolidated joinder matter for claims against "Forced Place Insurance" carriers. (Rec. Doc. No. 8-2) (The *Adams* claims were severed from *Abadie v. Aegis Security Insurance Co.*, Civ. Act. No. 06-5164 "K" and *Abadie v. Aegis Security Insurance Co.*, Civ. Act. No. 05-4182 "K" which were declared misjoined. *In re Katrina Canal Breaches Consolidated Litigation*, Civ. Act. No. 05-4182 "K", Rec. Doc. Nos. 17017, 19561). That case and Plaintiff's present Amended Complaint do not contain class allegations.[1] Plaintiff alleges that this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (Rec. Doc. No. 1).

---

[1] Jurisdiction in *Adams* was based on diversity under 28 U.S.C. § 1332(a).

American Security issued a lender-placed policy of insurance covering the property located at 6425 N. Derbigny St., New Orleans, Louisiana 70117. (Rec. Doc. No. 1). The policy had a maximum limit of liability in the amount of $57,000.00 with coverage extending only to the building and structures. (Rec. Doc. No. 8-2). As such, it did not provide coverage for contents or liability. (Rec. Doc. No. 8-2, Exhibit A). Citicorp Trust Bank as lender was listed as the Named Insured under the policy with Brenda Bowman lasted as an Additional Insured. (Rec. Doc. No. 8-2).

On or about October 18, 2005, Additional Insured made a claim on the policy for damages allegedly sustained during Hurricane Katrina. An adjuster for Defendant inspected the property and determined a claim payable for damages under the policy of $6,312.36 which was issued in that amount payable to the Named Insured and Additional Insured on November 16, 2005. (Rec. Doc. No. 8-2, Exhibit B).

Subsequently, on or about July 10, 2006, counsel for Plaintiff submitted an alleged proof of loss for $45,924.01, and issued a demand to Defendant for an additional payment of $38,341.53. In response, an adjuster for Defendant reviewed the demand and determined an additional claim payable of $9,583.42. A check payable in that amount was issued to counsel, lender, and borrower on or about August 31, 2007. (Rec. Doc. No. 8-2, Exhibit D). To date, Defendant has made total payments in the amount of $15,895.78

on the policy.  (Rec. Doc. No 8-2).

Plaintiff is seeking to recover compensatory payment from the policy, extra-contractual damages pursuant to La. R.S. 22:658 (currently cited as La. R.S. 22:1892) and 22:1220 (currently cited as La. R.S. 22:1973), and general damages for pain and suffering allegedly arising from the arbitrary and capricious nature of Defendant's failure to adjust her claim.

Pursuant to 28 U.S.C. § 1332, "district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity between all parties." *Luckett v. Delta Airlines, Inc*. 171 F.3d 295, 298 (5th Cir. 1999). "[F]or purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint[.]" *Hampton v. State Farm Fire & Cas. Co.*, No. 09-0313, 2009 WL 1910988, *3 (E.D.La. July 2, 2009) *citing Hall v. Earthlink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005).  "[A] party may neither consent nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Plaintiff argues that this court has subject matter jurisdiction because this action was severed from a class action to which the court had jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  The instant action was severed from *Adams v. American Security Ins. Co.*, Civ. Act. No. 09-2609, which was previously severed from two class action/mass

3

joinder matters, *Abadie v. Aegis Security Ins. Co.*, Civ. Act. No. 06-5164 (*Abadie I*) and *Abadie v. Aegis Security Ins. Co.*, Civ. Act. No. 07-5112 (*Abadie II*), all of which were previously consolidated into the levee breach litigation, *In re Katrina Canal Breaches Consolidated Litigation*, Civ. Act. No. 05-4182. (Rec. Doc. No. 8-2). In the severance order, the Court ordered plaintiffs to file individual amended complaints against the proper individual insurer defendants by a stated deadline. Each new case was assigned a new title and docket number, and was randomly allotted to the various divisions of this Court. Additionally, the class action aspects of *Abadie I* and *Abadie II* were dismissed with prejudice pursuant to the Order of Severance on February 4, 2009. *See In re Katrina Canal Breaches Consolidated Litigation*, Civ. Act. No. 05-4182 (Doc. # 17556). Neither the *Adams* case, from which this case was severed, nor Plaintiff's Amended Complaint contain class allegations so as to form the basis for jurisdiction in this severed action. A severed action must have an independent jurisdictional basis. *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431 (5th Cir. 2005). Accordingly, Plaintiff cannot rely on the court's jurisdiction over the previous class actions as a basis for subject matter jurisdiction in her individual claim.

Alternatively, Plaintiff argues that her claim independently satisfies the jurisdictional amount. For claims that involve

4

recovery under an insurance policy, "the jurisdictional amount in controversy is measured by the value of the underlying claim- not the face amount of the policy[,]" unless the value of the claim exceeds the limits of the policy. *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) *quoting* 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3710 (3d ed. 1998). The Fifth Circuit has held that statutory penalties for which no adjudication is required may be included in determining satisfaction of the jurisdictional amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254-55 (5th Cir. 1998). The amount plaintiff seeks under the policy plus statutory penalties and compensatory damages firmly establish the minimal jurisdictional amount for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

New Orleans, Louisiana this 18th day of January, 2011.

IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE